**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JUAN Y.P.M.,

Petitioner,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security*;

DAVID VENTURELLA, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*;

TODD BLANCHE, *in his official capacity as Attorney General of the United States*;

MARCOS CHARLES, *in his official capacity as Acting Executive Associate Director for ICE Enforcement and Removal Operations;*

DAVID EASTERWOOD, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; and

JOEL BROTT, *Sheriff of Sherburne County*,

Respondents.

Civil No. 26-4662 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Katherine Lourdes Santamaria El Bayoumi, **CONTRERAS EDIN LAW, PA**, 663 University Avenue West, Suite 200, Saint Paul, MN 55104, for Petitioner.

David W. Fuller and Sarah Mazzie, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

## BACKGROUND

Petitioner Juan Y.P.M. is a citizen of Venezuela. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 4, Oct. 29, 2026, Docket No. 1). On or about March 2024, Petitioner entered the United States without inspection. (Decl. of Benjamin Northwood ("Northwood Decl.") ¶¶ 5 & Ex. A at 1-2, Nov. 4, 2026, Docket No. 6.) On or around March 11, 2024, a Border Patrol Agent encountered Petitioner in the El Paso, Texas, Border Patrol Sector. (Northwood Decl. ¶ 5 & Ex. A at 2.) After the agent determined that Petitioner had entered the United States unlawfully, Petitioner was arrested and transported to the El Paso Hardened Facility for further processing. (*Id.* ¶ 5 & Ex. A at 2.) On March 12, 2024, Petitioner was issued a Form I-862 (Notice to Appear) (*id.* ¶ 6 & Ex. B) and then released on an Order of Release on Recognizance (*id.* ¶ 7 & Ex. C). The Order of Release on Recognizance has a "Cancellation of Order" section, which is blank. (*Id.*) According to Respondents' electronic records, Petitioner failed to report to required check-ins on November 1, 2024, and on March 11, 2026. (*Id.* ¶ 8.)

On September 19, 2026, a United States Border Patrol Agent encountered Petitioner's vehicle while conducting surveillance in Grand Forks, North Dakota. (*Id.* ¶ 9 & Ex. E at 3.) The agent initiated a traffic stop after a license plate check revealed the vehicle belonged to Petitioner and that Petitioner had not reported to check-in appointments with ICE. (*Id.* ¶ 9 & Ex. E at 3.) Petitioner pulled over, answered the agent's questions, and provided the agent with a picture of his work-authorization card. (*Id.* ¶ 12, Ex. E at 3.) After confirming Petitioner's identity, Petitioner was taken into custody

and transported to the North Dakota Border Patrol Station for administrative processing. (*Id.*) While at the Border Patrol Station, Petitioner was served with a 2007 version of the Form I-200 Administrative Warrant. (*Id.* ¶ 10 & Ex. D.)

On October 16, 2026, Petitioner appeared in immigration court for a hearing in his removal proceedings. (*Id.* ¶ 11, Ex. F.) On October 24, 2026, an Immigration Judge denied Petitioner's applications for asylum, withholding of removal, and deferral of removal, and ordered Petitioner removed to Venezuela. (*Id.* at 7.) Petitioner's appeal deadline is November 23, 2026. (*Id.*) Petitioner remains detained at the Sherburne County Jail in Elk River, Minnesota. (Pet. ¶ 1.)

**DISCUSSION**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

Respondents[1] argue, as a threshold matter, that Petitioner cannot challenge the legality of the underlying arrest because removal proceedings have begun.[2] For the reasons set forth in *Wilfredo C.M. v. Blanche*, Civ. No. 26-3966, 2026 WL 2875061, at *2 (D. Minn. Sept. 24, 2026), the Court will reject Respondents' reviewability argument. The Court will review the legality of the underlying arrest.

Respondents additionally argue that even if Petitioner can challenge the arrest, they lawfully arrested Petitioner pursuant to a valid warrant because the warrant was supported by probable cause and complied with the relevant statutory and regulatory provisions.

The Court begins with the Form I-200 administrative warrant. An I-200 administrative warrant that does not provide a reason for probable cause or other justification for detention is invalid.[3] The administrative warrant issued in this case does

[1] "Respondents" here includes only Federal Respondents, as no response was submitted on behalf of Joel Brott.

[2] The Court notes that Petitioner is not detained pursuant to a final order of removal. Rather, because Petitioner's time to appeal has not yet passed, the immigration judge's removal order is not "final." *See* 8 U.S.C. § 1101(47)(A)–(B).

[3] *See Jose R.M.M. v. Bondi*, Civ. No. 26-1165, 2026 WL 412447, at *1 (D. Minn. Feb. 13, 2026) (concluding that an I-200 administrative warrant was invalid because it did not state a justification for Petitioner's detention); *Islamuddin A. v. Blanche*, Civ. No. 26-3340, 2026 WL 2794242, at *3 (D. Minn. Aug. 6, 2026) (concluding warrant was invalid because the warrant did not provide any probable cause basis), *R&R adopted*, 2026 WL 2546280 (D. Minn. Aug. 28, 2026); *Genis D. v. Blanche*, Civ. No. 26-4565, 2026 WL 3206104, at *3 (D. Minn. Oct. 26, 2026) (concluding that 2007 Form I-200 administrative warrant without a probable cause finding was invalid).

not set forth any basis for probable cause whatsoever. (*See* Northwood Decl. Ex. D.) Indeed, Respondents issued Petitioner an outdated Form I-200 from 2007 that provides no space to indicate the probable cause for arrest. (*See id.*) Respondents do not address why an outdated Form I-200 form was used. Even more concerningly, Respondents assert without any reasoning that a warrant that does not state a basis for probable cause is nonetheless a proper basis for a lawful arrest. The Court concludes that the Form I-200 was an invalid warrant.

Additionally, Petitioner's release on recognizance on March 12, 2024, granted him a "conditional parole" pursuant to 8 U.S.C. § 1226(a). Respondents do not address the revocation, or lack thereof, of Petitioner's parole. There is no indication in the record that Petitioner's conditional parole was ever revoked. Because Petitioner was released on his own recognizance, Petitioner's release is governed by 8 C.F.R. § 236.1(c)(9). That section reads, in full:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R. § 236.1(c)(9).

Here, the operative form submitted by Respondents did not indicate that the order of release was cancelled. The "Cancellation of Order" section has been left blank and there is no signature by any official with the discretion to revoke an order of release under 8 C.F.R. § 236.1(c)(9). There is no mention of his conditional parole, nor justification purporting to revoke his conditional parole. Therefore, at the time of Petitioner's arrest, Respondents failed to revoke Petitioner's conditional parole, meaning his parole remains intact and his present detention is therefore unlawful. *See Luis F.M.P. v. Easterwood*, Civ. No. 26-4057, 2026 WL 2891321, at *2 (D. Minn. Sept. 28, 2026) (concluding that failure to revoke conditional parole prior to arrest rendered detention unlawful).

In sum, the Court concludes that Petitioner's arrest and continued detention are unlawful because Respondents used an invalid Form I-200 and failed to revoke Petitioner's conditional parole. Accordingly, the Court will order his immediate release. *See Bryan A.Q.C. v. Lyons*, Civ. No. 26-3165, 2026 WL 1998719, at *3 (D. Minn. July 10, 2026) (ordering release where petitioner's conditional parole was not properly revoked prior to detention).

In addition to ordering Petitioner's release, the Court will also impose additional conditions to provide an effective remedy. Habeas corpus "is, at its core, an equitable remedy." *Boumediene v. Bush*, 553 U.S. 723, 780 (2008) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)). The adaptable remedy allows a reviewing court, after proper consideration, to "dispose of the matter as law and justice require." *Fay v. Noia*, 372 U.S.

391, 438 (1963) (quoting 28 U.S.C. § 2243). While immediate release is the typical remedy for unlawful detention, *Munaf v. Geren*, 553 U.S. 674, 693 (2008), "[a] habeas court is thus authorized to 'fashion appropriate relief other than immediate release' . . . in order to ensure an effective remedy for unlawful detention," *Diallo v. Scott*, Civ. No. 26-00975, 2026 WL 1843102, at *8 (W.D. Wash. June 26, 2026) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

Specifically, before re-detaining Petitioner, the Court will order that Respondents must first provide him with adequate notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the Respondents will bear the burden of establishing that detention is appropriate by clear and convincing evidence. The Court finds that a pre-deprivation hearing is necessary relief in light of Respondents' recent practice of immediately re-detaining successful Habeas petitioners that a court—including this one—has ordered released.[4]

---

[4] *See Ivan F.M. v. Blanche*, Civ. No. 26-4012, 2026 WL 3268565, at *1 (D. Minn. Oct. 30, 2026) (detailing respondents re-detaining petitioner within one-minute of this Court's ordered release). *See, e.g.*, *Parada Cruz v. Mullin*, 837 F. Supp. 3d 404 (E.D.N.Y 2026); *Pablo F. v. Blanche*, Civ. No. 26-3889, 2026 WL 2874903 (D. Minn. Sept. 24, 2026); *Tabora-Brizuela v. Mullin*, Civ. No. 26-7010, 2026 WL 2908095 (E.D. Pa. Sept. 28, 2026); *Martiniez Alaniz v. Slaughter*, Civ. No. 26-298, 2026 WL 2874994 (D. Mont. Sept. 24, 2026); *Rodriguez v. Warden, Imperial Reg'l Det. Ctr.*, Civ. No. 26-4775, 2026 WL 2665542 (S.D. Cal. Sept. 9, 2026); *Perez Chacon v. Mattos*, Civ. No. 2:26-01061, 2026 WL 1960905 (D. Nev. July 7, 2026); *Quezada-Estrada v. Lyons*, 2026 WL 1361880; *see also* Cait Kelley, *Judge Weighs Contempt After ICE Re-arrests Man a Second Time: 'Not Release in Any Sense,'* MPR NEWS (Nov. 9, 2026) https://www.mprnews.org/story/2026/11/09/ice-re-arrests-man-second-time-judge-weighs-contempt-charges [https://perma.cc/T62G-NCKY]; Vasanth Vaidyanathan, *ICE Re-Arrest Contempt Fights Reach Judges in Minnesota and Colorado*, IMMIGRATION ANALYTICS (Nov. 9, 2026)

Accordingly, the Court concludes that, in addition to release, a pre-detention bond hearing is necessary to protect the liberty interests of Petitioner.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Juan Y.P.M.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

a. Respondents shall coordinate with Petitioner's counsel regarding the time and location of release.

b. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

---

https://immigration-analytics.com/2026/11/09/ice-re-arrest-contempt/ [https://perma.cc/96PJ-AZT4]; Elaine Mallon, *Biden-appointed Judge Probes Whether ICE Skirted Judge's Release Orders in Colorado Cases*, FOX NEWS (Nov. 7, 2026) https://www.foxnews.com/politics/biden-appointed-judge-probes-whether-ice-circumvented-judicial-release-orders-colorado-cases [https://perma.cc/EL8A-MMZF]; Chris Seda Chabrier, *ICE Rapidly Re-Arresting Immigrants Released after Winning Court Petitions*, THE GUARDIAN (Nov. 2, 2026) https://www.theguardian.com/us-news/2026/nov/02/immigrants-released-after-court-petitions-ice-arrest [https://perma.cc/25P4-S3YY]; Regina Medina, *'It Left Me in Shock': St. Cloud Immigrant Speaks about Trauma after ICE Re-arrest*, MPR News (Nov. 1, 2026) https://www.mprnews.org/story/2026/11/01/st-cloud-immigrant-yader-cortez-talks-about-ice-rearrest-trauma [https://perma.cc/BCG2-MWZE]; Cait Kelley & Regina Medina, *'We've been doing this since May': ICE Admits Instant Re-arrest Strategy*, MPR NEWS (Oct. 13, 2026), https://www.mprnews.org/story/2026/10/13/ice-admits-instant-rearrest-strategy [https://perma.cc/G3K2-AYMY].

2. Respondents **SHALL NOT** re-detain Petitioner without providing him with adequate notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which the government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.

3. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 4:00 p.m. on November 18, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 4:00 p.m. on November 22, 2026.**

DATED: November 16, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge